# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JOSEPH SUTTON AND BETTY LOU SUTTON, <br><br> Plaintiffs, <br><br> VS. <br><br> ADVANCED AQUACULTURE SYSTEMS, INC. AND EMPEROR AQUATICS, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. SA-07-CV-175-XR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

On this date, the Court considered Plaintiffs' motion to remand and Defendant Advanced Aquaculture Systems' motion for leave to amend its notice of removal. The Court may rule on a motion before a reply is filed. *See* Local Rule CV-7(e). For the reasons discussed below, the motion to remand is DENIED (Docket No. 15) and the motion for leave to amend is GRANTED (Docket No. 17).

Plaintiffs have filed a motion to remand based solely on a defective jurisdictional allegation—Defendants failed to allege the principal place of business of Emperor Aquatics in their original notice of removal. In response, Defendant requested leave to file an amended notice of removal stating that Emperor Aquatics' principal place of business is Pennsylvania.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. If the removing defendant fails to properly allege corporate citizenship in a notice of removal, this defective jurisdictional allegation may be properly cured in an amended notice of removal filed in the federal district court. *Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co., Inc.*, 288 F.2d 349, 350 (5th Cir. 1961), *cert. denied*, 368 U.S. 875 (1961); *D.J. McDuffie Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir.1979), *cert. denied*, 449 U.S. 830 (1980); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). For diversity jurisdiction

purposes, a corporation is deemed to be a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Defendants originally removed this case on February 28, 2007. Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal in order to correct a defective jurisdictional allegation under 28 U.S.C. § 1653. *Energy Catering Servs., Inc. v. Borrow*, 911 F. Supp. 221, 222-23 (E.D. La. 1995); *see Whitmire*, 212 F.3d at 888 (holding that a failure to allege the citizenship of a party can be cured even in the appellate courts). Consequently, Plaintiffs' motion to remand is DENIED, and Defendant's motion for leave to amend is GRANTED. See *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir.1981) (a motion for leave to amend should be granted if it would do nothing "more than state an alternative jurisdictional basis for recovery upon the facts previously alleged"); *see* FED. R. CIV. P. 15(a) (Leave to amend pleadings "shall be freely given when justice requires").

The Court finds that complete diversity between the parties has existed from the beginning of this case. *See Whitmire*, 212 F.3d at 888 (stating that parties may not use section 1653 to retroactively create subject matter jurisdiction). Plaintiffs are citizens of Texas. Defendant Advanced Aquaculture Systems is a citizen of Florida, and Defendant Emperor Aquatics is a citizen of Pennsylvania. The amount in controversy exceeds $75,000, excluding interest and costs.

It is so ORDERED.

SIGNED this 3rd day of April, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE